IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MIKE SETTLE,

    Petitioner,

v.                                       No. 1:15-cv-1076-JDB-egb

SHAWN PHILLIPS,

    Respondent.
_____

ORDER TO UPDATE THE DOCKET WITH CORRECT RESPONDENT,
GRANTING MOTION FOR LEAVE TO AMEND
(ECF No. 19),
DENYING SECOND MOTION FOR LEAVE TO AMEND AS DUPLICATIVE
(ECF No. 20),
DENYING MOTION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM
(ECF No. 21),
DENYING MOTION FOR TRANSFER OF CUSTODY
(ECF No. 22),
DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

On June 24, 2014, Petitioner, Mike Settle, Tennessee Department of Correction prisoner number 207584, who is currently an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee ("MCCC"), filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "§ 2241 Petition"), along with a motion seeking leave to proceed *in forma pauperis*. (Pet., ECF No. 1, Mot., ECF No. 2.) On June 30, 2014, the Court entered an order

granting Petitioner's motion to proceed *in forma pauperis*. (ECF No. 4.) The Clerk shall record the Respondent as Warden Shawn Phillips.[1]

Under 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court's review of the § 2241 Petition reveals that it should be dismissed *sua sponte*. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have a duty to screen habeas corpus petitions and eliminate burdens placed on respondents by ordering unnecessary answers). No answer will be required and the § 2241 Petition will be DISMISSED.

**I.     PENDING MOTIONS**

On April 20, 2015, Settle filed a motion seeking leave to amend the § 2241 Petition, in which he sought to add two additional claims. (Mot., ECF No. 19.) The motion for leave to amend is GRANTED.

On June 1, 2015, Petitioner filed a second motion seeking leave to amend the § 2241 Petition. (Mot., ECF No. 20.) The second motion is a duplicate of the first and, thus, is DENIED.

On July 6, 2015, the inmate submitted an application for a writ of habeas ad prosequendum to appear in this Court for an evidentiary hearing. (Appl., ECF No. 21.) As the petition is to be dismissed without an evidentiary hearing, the application is DENIED.

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is **DIRECTED** to terminate Roland Colson as a party to this case and to add Warden Shawn Phillips as Respondent.

On July 6, 2015, Petitioner moved for a transfer from state to federal custody. (Mot., ECF No. 22.) Settle remains in state custody. The United States has not demonstrated any intention to assert primary jurisdiction over him. State authorities have not relinquished custody over Settle because he has not satisfied his entire state obligation.

Petitioner has no constitutional entitlement to serve his *state* sentence in a federal facility. *Castro Flores v. Dretke*, 120 F. App'x 537, 539 (5th Cir. 2005) (per curiam) (observing that federal authorities had not taken state inmate to federal prison to serve his federal sentence, that "[n]o binding legal authority requires the federal [bureau of prisons] or the United States Attorney General to comply with a state court's sentencing order that his federal sentence run concurrently with his state sentences, and no authority requires federal marshals to immediately deliver a federal prisoner to a federal facility for the service of his sentence"); *Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003) (per curiam) (federal prison officials may refuse to accept a state prisoner until he has served his state sentence); *Simpson v. Cockrell*, No. 01-10415, 2001 WL 1075829, at *1 (5th Cir. Aug. 21, 2001) (per curiam) (the facility wherein an inmate serves concurrent sentences is "a matter for the two sovereigns involved to decide," since he possesses "no constitutional right to incarceration in any particular prison system").

Thus, no constitutional or statutory authority exists for this Court to direct the Bureau of Prisons ("BOP") to take custody of a state prisoner, or to require the state to relinquish their custody of a lawfully imprisoned inmate. The motion for transfer of custody is DENIED.

## II. BACKGROUND

### A. State Convictions

The pertinent state procedural history has been summarized by United States District Judge Aleta A. Trauger of the Middle District of Tennessee in a memorandum opinion that dismissed an unrelated petition under § 2241[2]:

> In 1991, the petitioner was sent to prison to serve a twelve year sentence for aggravated robbery (2 counts), aggravated burglary and theft of property. After serving almost five years of the sentence the petitioner was released from prison on parole.
>
> Less than four months after his release, the petitioner was charged with theft of property, robbery (2 counts) and aggravated robbery (4 counts). As a result of these charges, the petitioner's parole was revoked. The petitioner later pled guilty to the charges and received an aggregate sentence of twenty five (25) years in prison, to be served consecutively with the sentence for his 1991 convictions. *Willis v. Settle*, 162 S.W.3d 169, 173, n 2 (Tenn. Ct. App. 2004).
>
> In August 1999, the petitioner became ill (an apparent drug overdose) and was transported to a free-world hospital in Jackson, Tennessee. Two days after he was admitted to the hospital, the petitioner overpowered a guard, took his pistol, and pointed the pistol at the guard's head. The petitioner then took a hostage, stole a car, and escaped from the hospital. Following a high speed chase on the interstate, the petitioner was recaptured and returned to prison, where he has since remained in segregation as a security risk. *Willis*, *id.* at p. 173.[3]
>
> Upon his return to prison, the petitioner received a disciplinary report charging him with escape and assaulting an employee. He pled guilty to the charges.[4] A month later, the Tennessee Board of Paroles conducted a hearing and

---

[2]Settle challenged the Tennessee Board of Parole's delay in determining the date his 1997 sentence commenced, claiming that the delay in running the sentence violated his right to equal protection and that his confinement to administrative segregation violated his due process rights. *Settle v. Bell*, No. 3:09-0560-AAT (M.D. Tenn. Nov. 10, 2009) (Mem. Op. at 4, ECF No. 25.)

[3]The Petitioner's prison record showed that, from 1993-97, he had disciplinary convictions for possession of a deadly weapon, fighting, threatening an employee, and other lesser offenses. *Settle v. Tenn. Dep't of Corr.*, 276 S.W.3d 420, 424 (Tenn. Ct. App. 2008).

[4]When the Petitioner was captured with a handcuff key in his possession, he admitted to planning the escape before he ever left the prison for the hospital. *Settle v. Tenn. Dep't of Corr.*, 276 S.W.3d at 428.

>determined that the petition's 1997 sentence of twenty five years would commence running on September 20, 2003. On January 5, 2001, the petitioner pled guilty in state court to charges arising from his escape (especially aggravated kidnapping, escape, aggravated robbery and aggravated assault). For these crimes, he received an aggregate sentence of twenty five (25) additional years in prison to run consecutively to his previous twenty five year sentence.

*Settle v. Bell*, No. 3:09-0560-AAT (M.D. Tenn. Nov. 10, 2009) (Mem. Op. at 1-2, ECF No. 25.)

### B. Federal Conviction

On September 22, 1999, Settle was charged in a two-count indictment with one count of unlawful transportation of firearms in violation of 18 U.S.C. § 922(g) (Count One) and one count of receiving stolen firearms in violation of 18 U.S.C. § 922(j) (Count Two). On May 5, 2000, he pleaded guilty to Count One of the indictment pursuant to a plea agreement which provided, in part, that Count Two would be dismissed upon motion of the government at sentencing. On August 2, 2000, the Court imposed a sentence of 262 months imprisonment, to run consecutively to any previous state or federal sentence, to be followed by a three-year period of supervised release. The Court's judgment was entered on August 3, 2000, from which the inmate did not appeal. Settle currently remains in the custody of the State of Tennessee serving the 1997 state sentence which began in 2003.

On June 27, 2003, Petitioner deposited a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Petition") in the prison mail system. *United States v. Settle*, No. 03-1167-JDT (W.D. Tenn. June 24, 2004). The § 2255 Petition was received and docketed by the Clerk on July 3, 2003. (*Id.*, § 2255 Pet., ECF No. 1.) Settle alleged:

1. His guilty plea was invalid because the Court did not inform him that he would not begin serving his federal sentence until he was received in federal custody;

2. He received ineffective assistance of counsel which rendered his guilty plea invalid; and

5

3. He was denied due process because the Court failed to inform him that his federal sentence would run consecutively to this state sentence.

(*Id.*, Order, ECF No. 5 at 2.) On September 12, 2006, the inmate was ordered to demonstrate why his § 2255 Petition should not be dismissed as time-barred and to detail any circumstances that entitled him to the application of equitable tolling. (*Id.*, Order, ECF No. 18.) On June 18, 2007, United States District Judge James D. Todd dismissed the § 2255 Petition as barred by the statute of limitations. (*Id.*, Order of Dismissal, ECF No. 25 at 7.) On February 5, 2008, the United States Court of Appeals for the Sixth Circuit denied a certificate of appealability ("COA"). (*Id.*, Order, ECF No. 30.)

On March 13, 2008, Settle filed an application for permission to file a second or successive § 2255 motion with the Sixth Circuit. *In re: Mike Settle v. United States*, No. 08-5314 (6th Cir. Sept. 22, 2008). He alleged that (1) the district court lacked jurisdiction to sentence him, rendering both the judgment of conviction and the sentence illegal and void; (2) his plea was involuntary; and (3) the district court failed to consider "U.S.S.G. § 5G1.3(b) issues not specifically addressed by the plea agreement." (*Id.*, Order, ECF No. 20 at 1.) On September 22, 2008, the Sixth Circuit denied leave to file a second or successive § 2255 motion. (*Id.* at 2.)

On December 23, 2008, Petitioner filed a second motion seeking permission to file a successive § 2255 motion. *In re: Mike Settle v. United States*, No. 08-6532 (6th Cir. July 16, 2009). He claimed that (1) his attorney was ineffective, (2) his guilty plea was involuntary, (3) the "ends of justice" permitted review of his motion because he was prejudiced by counsel's actions, (4) he was incompetent and (5) there was insufficient evidence to support his conviction.

(*Id.*, Mot., ECF No. 1 at 8-19.) On June 16, 2009, the Sixth Circuit denied permission to file a second § 2255 motion. (*Id.*, Order, ECF No. 22 at 2.)

On July 13, 2009, Settle filed a *pro se* petition under § 2241 in the United States District Court for the Middle District of Tennessee at Nashville. *Settle v. Bell*, No. 09-cv-0663-AAT (M.D. Tenn. July 21, 2009). He contended that his plea agreement was breached, leading to an adverse execution of his sentence or manner in which the sentence was being served. (*Id.*, Pet., ECF No. 1 at 3.) Judge Trauger initially dismissed the petition for lack of exhaustion. (*Id.*, Order, ECF No. 5.) The inmate filed a motion to alter or amend which clarified his action was intended to attack the imposition rather than the execution of his federal sentence. (*Id.*, Mot., ECF No. 8.) The district judge denied the motion and advised Settle that § 2241 was not the appropriate vehicle through which to challenge the imposition of a consecutive sentence. (*Id.*, Order, ECF No. 9 at 3.) On appeal, the Sixth Circuit held that Petitioner "may not challenge the sentencing court's decision to order his federal sentence to run consecutively to his previously imposed state sentence pursuant to U.S.S.G. § 5G1.3 in the instant § 2241 proceeding because he had failed to demonstrate that his remedy under § 2255 was inadequate or to demonstrate actual innocence. *Settle v. Bell*, No. 09-6023 (6th Cir. Apr. 26, 2011). (*Id.*, Order, ECF No. 44 at 2-3.)

On October 6, 2011, the inmate filed a third motion seeking permission to file a successive § 2255 motion. *In re: Mike Settle*, No. 11-6209 (6th Cir. Oct. 12, 2012). He alleged that his conviction was obtained in violation of his rights under *Miranda v. Arizona*, 396 U.S. 868 (1969), and that he received ineffective assistance of counsel. (*Id.*, Pet., ECF No. 1 at 8-11.) On October 12, 2012, the Sixth Circuit denied permission. (*Id.*, Order, ECF No. 27 at 2.)

On December 11, 2015, Petitioner submitted a fourth motion seeking permission to file a second or successive § 2255 motion. *In re: Mike Settle*, No. 15-2536. That motion remains pending before the Sixth Circuit. (*Id.*, ECF No. 1.)

**C.    Pending § 2241 Petition**

On June 24, 2014, Settle filed the instant petition contending that he is entitled to relief from his sentence because the Court was without authority to order his federal sentence to be served consecutively to his state sentence. (Pet., ECF No. 1 at 2.) He alleges in the amended petition that the Court failed to properly calculate the guidelines range and failed to consider 18 U.S.C. § 3553(a) factors. (Mot., ECF No. 19 at 1.)

III.    ANALYSIS

Federal prisoners may obtain habeas corpus relief pursuant to § 2241 only under limited circumstances. The "savings clause" to § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> Construing this language, courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (internal citations omitted). In this case, Petitioner is attacking the imposition of his federal sentence and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or

8

ineffective. He carries the burden of demonstrating that the savings clause applies. *See id.* at 756.

The Sixth Circuit has construed the clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (internal citations omitted). After its decision in *Charles*, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in *Charles*, the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

*United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (quoting *Charles*, 180 F.3d at 756) (internal citation, alteration & quotation marks omitted).

A prisoner can obtain relief under § 2241 only if he is actually innocent of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804-05 (6th Cir. 2003); *Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence." *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Sixth Circuit has not permitted prisoners to use the savings clause to attack their sentences. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("A challenge to a sentence based on *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] cannot be the basis for an

actual innocence claim under *Martin*."); *Peterman*, 249 F.3d at 461-62 (challenges that a sentence is not supported by adequate factual findings do not fall within the savings clause); *see also Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) (per curiam) ("Jones argues that the exception applies to his first claim because the Supreme Court narrowed the definition of what constitutes a violent felony for purposes of determining armed career criminal status in *Begay v. United States*, 553 U.S. 137 (2008). Under this new law, he argues, he is actually innocent of being an armed career criminal. However, he does not argue that he is actually innocent of being a felon in possession of a firearm. Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (per curiam) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of [§] 2255(e) does not apply to sentencing claims."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003) ("In this case, Raymer has presented only a challenge to his sentencing under the [Armed Career Criminal Act], not a claim that he is actually innocent of possession of a firearm by a felon. Therefore, the district court properly concluded that the claim presented could not be addressed under § 2241."); *Green v. Hemingway*, 67 F. App'x 255, 257 (6th Cir. 2003) ("[T]he actual innocence exception of the savings clause of § 2255 . . . is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor."); *Kellogg v. Snyder*, 48 F. App'x 114, 115-16 (6th Cir. 2002) (rejecting challenge to sentence as a career offender under § 2241 because prisoner did not show that § 2255 remedy was inadequate or ineffective).

Settle is not entitled to relief on this § 2241 petition for two reasons. First, as previously noted, the claims asserted in this petition challenge the imposition of his sentence. Second, he has presented no argument that undermines his federal conviction or sentence. Petitioner has no

valid argument that he is actually innocent of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Because Settle is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The petition is DISMISSED and judgment shall be entered for Respondent.

IV. APPEAL ISSUES

Although Settle is a state prisoner, he challenges the imposition of his federal sentence. A COA is needed only when an appeal is taken (1) from a final order in a habeas corpus proceeding in which the detention arises out of process issued by a state court; or (2) from the final order in a proceeding under § 2255. 28 U.S.C. § 2253(c)(1). In this instance a COA is not needed to prosecute an appeal. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) ("The statute does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process.").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). The Rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, it also states that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED. If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.

IT IS SO ORDERED this 19th day of February 2016.

                                            s/ J. DANIEL BREEN
                                            CHIEF UNITED STATES DISTRICT JUDGE